# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN HART**<br>*Plaintiff*<br><br>**v.**<br>**CITY OF PHILADELPHIA,**<br>***et al.***<br>*Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br><br>**NO. 23-1890** |

## ORDER

**AND NOW**, this 30th day of October 2023, upon consideration of the *motion to dismiss* filed by Defendants City of Philadelphia ("Defendant City") and Blanche Carney ("Defendant Carney") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), [ECF 6], Plaintiff's response in opposition, [ECF 7], and the allegations in the amended complaint, [ECF 4], it is hereby **ORDERED** that:

(1) with respect to the § 1983 claims asserted against Defendant Carney, in her official capacity at Count I, the motion to dismiss is **GRANTED**;

(2) with respect to the § 1983 claims asserted against Defendant Carney, in her individual capacity at Count I, the motion to dismiss is **DENIED**;[1]

---

[1] In the amended complaint, Plaintiff John Hart ("Plaintiff") asserts civil rights claims against Defendants City and Carney pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). Plaintiff claims that he was attacked by two different inmates, Defendants Jonathan Czyzewski ("Czyzewski") and Robert Pinkney ("Pinkney"). As a result of these attacks, Plaintiff contends that his constitutional rights under the Fourteenth Amendment were violated. Plaintiff also asserts state law negligence claims against Defendants Carney and City and state law assault and battery claims against Defendants Carney, City, Czyzewski, and Pinkney. The claims against Czyzewski and Pinkney will not be addressed in this Order; only the claims against Defendants Carney and City, (collectively, "Defendants"), will be addressed.

Defendants move to dismiss all claims asserted against them pursuant to Rule 12(b)(6), arguing that Plaintiff has failed to plead facts sufficient to show that he has a plausible claim for relief and, further, that the claims alleged are barred by Pennsylvania's Political Subdivision Tort Claims Act.

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court "must accept all of the complaint's well-pleaded facts as true but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (internal quotation marks and citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge his or her claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

At Count I of his amended complaint, Plaintiff asserts a § 1983 claim for the violation of his Fourteenth Amendment rights, premised on allegations that Defendants were aware or should have been aware of the limited facilities available for mentally ill inmates, like Czyzewski and Pinkney, and the harm that would arise by placing Czyzewski and Pinkney in the protective custody unit, which was understaffed. In support of their motion to dismiss, Defendants argue that Plaintiff: (1) cannot assert official capacity claims against Defendant Carney; (2) has failed to allege facts to show any personal involvement by Defendant Carney; (3) has failed to allege facts to show that Defendant Carney acted with deliberate indifference; and (4) that Plaintiff's "group style of pleading makes it impossible to understand" who is responsible for what in his allegations. Each of these arguments will be addressed in turn.

Defendant Carney argues that because Plaintiff has brought a *Monell* claim against Defendant City, his § 1983 claims against Defendant Carney, in her official capacity, must be dismissed. Plaintiff has not responded to this argument. Nevertheless, this Court agrees with Defendant. *See Murphy v. Doe Police Detective #1*, 2021 WL 4399646, at *5 (E.D. Pa. Sept. 27, 2021) (explaining that because plaintiff asserted claims against defendant supervisor of Philadelphia Police Department, "[t]hese claims must be treated as against the municipal entity"); *Lopez v. Maczko*, 2007 WL 2461709, at *7 (E.D. Pa. Aug. 16, 2007) (holding that because plaintiff named the commissioner in his official capacity and the City as defendants, "they are in fact one defendant" and the motion to dismiss claims against commissioner "in his official capacity [would] be granted"). Thus, all claims against Defendant Carney in her official capacity are dismissed.

To find an individual liable under § 1983, said individual must have had some personal involvement in the wrongdoing. *See, e.g.*, *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). As such, to assert a viable claim, "a plaintiff must allege facts sufficient to raise a plausible inference that the defendants were personally involved in violating the plaintiff's constitutional rights." *Thomas v. Barkley*, 2013 WL 4786124, at *6 (W.D. Pa. Sept. 6, 2013) (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1990–91 (3d Cir. 1995)); *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding that defendant "must have personal involvement in the alleged wrongs"). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207. Such allegations "must be made with appropriate particularity." *Id.*; *see also Evancho*, 423 F.3d at 353 (affirming dismissal of a complaint that did not "contain even a remote suggestion that [the supervisor] had contemporaneous, personal knowledge of [the alleged constitutional violation] and acquiesced in it").

In the amended complaint, Plaintiff also alleges that Defendant "Carney knew . . . that Defendants Czyzewski and Pinkney, by virtue of their violent criminal history, initial screening, and prior instances of

(3) with respect to the *Monell* claims asserted against Defendant City at Count I, the motion to dismiss is **DENIED**;[2] and

---

prison violence, required segregated housing, yet Defendant[] Carney . . . chose to place them in the protective custody unit [where Plaintiff was housed] instead of the units which house medically ill inmates, as a result of lax prison placement policy." (Am. Compl., ECF 4, at ¶ 24). These allegations, accepted as true at this stage of the proceedings, plausibly show Defendant Carney's personal involvement. Thus, Defendant Carney's motion to dismiss on this basis is denied.

Defendant Carney also argues that Plaintiff fails to allege facts sufficient to plausibly show that Defendant Carney acted with deliberate indifference. "To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). The United States Court of Appeals for the Third Circuit has explained that the first element is objective, and the prison official must "knowingly and unreasonably disregard[] an objectively intolerable risk of harm." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 132 (3d Cir. 2001). The second element is subjective and the prison official "must actually have known or been aware of the excessive risk to inmate safety." *Id.* at 125. When analyzing deliberate indifference claims, the court should "focus[] on what a defendant's mental attitude actually was (or is), rather than what it should have been (or should be)." *Farmer v. Brennan*, 511 U.S. 825, 839 (1994).

As noted, Plaintiff alleges that Defendant "Carney knew . . . that Defendants Czyzewski and Pinkney, by virtue of their violent criminal history, initial screening, and prior instances of prison violence, required segregated housing, yet Defendant[] Carney . . . chose to place them in the protective custody unit [where Plaintiff was housed] instead of the units which house medically ill inmates, as a result of lax prison placement policy." (Am. Compl., ECF 4, at ¶ 24). Plaintiff has also alleged that, as a result of Defendant Carney's decision to place Czyzewski and Pinkney in Plaintiff's unit, Plaintiff was attacked by these two inmates on multiple occasions. (*See id*. at ¶¶ 14, 18, 23). These allegations, taken as true at this stage of the proceedings, are sufficient to plausibly show that Defendant Carney acted with deliberate indifference to Plaintiff's health and safety. *Cf. Williams v. Del. Cnty. Bd. of Prison Inspectors*, 2018 WL 4558190, at *11 (E.D. Pa. Sept. 20, 2018) (holding that plaintiff's allegations that defendants knew his "status as a protective custody detainee and knew of violent prone inmates but nonetheless 'mixed him in' with violent prone inmates with deliberate indifference" knowing it "would pose a substantial risk to his health and safety" survived motion to dismiss stage).

Defendant Carney also argues that Plaintiff's allegations "warrant dismissal because Plaintiff's group style of pleading makes it impossible to understand 'who is responsible for what conduct.'" (Defs'. Mot., ECF 6, at p. 11 (quoting *Williams v. Pa. Dep't of Corr.*, 2022 WL 1295796, at *2 (W.D. Pa. Apr. 5, 2022))). While Defendants may disagree, this Court finds that Plaintiff alleges sufficient facts underlying his claims against Defendants Carney and City. Therefore, Defendant Carney's motion to dismiss based on this argument is denied.

[2] At Count I of the amended complaint, Plaintiff asserts a *Monell* claim against Defendant City. Specifically, Plaintiff alleges that Defendant City adopted a custom, policy, or practice of placing seriously mentally ill inmates in the understaffed protective custody unit where Plaintiff was housed, rather than in the unit specifically designated for inmates suffering serious mental illness, and that this custom, policy, or practice caused Plaintiff's physical injuries at the hands of two such inmates. Defendant City moves to

(4) with respect to all of Plaintiff's state law claims against Defendants Carney and City, the motion to dismiss is **GRANTED**.[3]

---

dismiss this claim on the grounds that Plaintiff has failed to allege facts sufficient to plausibly show that his constitutionally protected rights have been violated, and that such violation was the result of any specific policy or custom.

Notably, Defendant City provides a minimal argument to support its contention that Plaintiff has failed to allege facts to show a violation of his constitutional rights. (*See* Defs'. Mot., ECF 6, at p. 12). Regardless, it is well-settled that pretrial detainees have a right to be protected from violence while in a prison's custody. *See Farmer*, 511 U.S. at 833–34 (explaining that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners" and "[b]eing violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society'" (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981))). In the amended complaint, Plaintiff alleges that his right was violated when Czyzewski and Pinkney attacked him as a result of Defendant City transferring seriously mentally ill people to the protective custody unit rather than where these mentally ill prisoners should be housed, without protecting those in protective custody. This Court finds that, at this stage of the proceedings, Plaintiff has pled fact sufficient to support a plausible *Monell* claim. Thus, Defendant City's argument lacks merit.

In support of Defendant City's contention that Plaintiff has not plausibly alleged that a constitutional violation was a result of Defendant City's specific policy or custom, Defendant City mistakenly limits Plaintiff's *Monell* claim as being tied exclusively to his allegation of understaffing in the protective custody unit. While a *Monell* claim premised entirely upon a custom or policy of understaffing might be legally deficient, Plaintiff's *Monell* claim is not premised solely on this allegation. Rather, as described above and alleged in the amended complaint, Plaintiff alleges that Defendant City adopted a custom or policy of regularly placing seriously mentally ill inmates in the understaffed protective custody unit (where Plaintiff was housed) rather than in the unit designated for mentally ill inmates and did so recognizing the likelihood of harm that Plaintiff suffered. Such allegations, at this stage of the proceedings, are sufficient to assert a plausible *Monell* claim. *See Hightower v. City of Phila.*, 2022 WL 1121418, at *5–6 (E.D. Pa. Apr. 14, 2022) (explaining that because plaintiff identified custom of "housing inmates with a history of violence or severe mental health illness in cells with other inmates . . . which he alleges resulted in improper placements that allowed [other inmates] to attack him," plaintiff plausibly alleged a custom *Monell* claim); *Del. Cnty. Bd. of Prison Inspectors*, 2018 WL 4558190, at *11–12 (holding that plaintiff alleged "policy or custom of housing pre-trial protective custody detainees with violent prone inmates" when he stated the same). Accordingly, Defendant City's motion to dismiss is denied.

[3] At Counts II and III of the amended complaint, Plaintiff asserts state law claims for negligence, and assault and battery against Defendants Carney and City, as well as assault and battery claims against Czyzewski and Pinkey, premised on allegations that Defendants failed to segregate inmates with a history of violence and seriously mental illness. Plaintiff contends that such omission led to Czyzewski and Pinkney attacking him. In the motion to dismiss, Defendants Carney and City argue that they have immunity under the Political Subdivision Tort Claims Act (the "Tort Claims Act"), 42 Pa. Cons. Stat. § 8452. Plaintiff provides no response to this argument. Regardless, the Tort Claims Act provides general immunity against tort claims to local government agencies, 42 Pa. C.S. § 8542, which extends to employees of the local agency who act "within the scope of the employee's office or duties." *Brown v. Quaker Valley Sch. Dist.*, 486 A.2d 526, 528 (Pa. Commw. Ct. 1984). The Tort Claims Act provides nine exceptions where liability may attach: (1) vehicle liability; (2) care, custody or control of personal property; (3) real

**BY THE COURT:**

*/s/ Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; (8) care, custody or control of animals; and (9) sexual abuse. 42 Pa. Cons. Stat. § 8542(b). Notably, Plaintiff's allegations do not fall within any of the exceptions outlined by the Tort Claims Act. As such, the Tort Claims Act provides Defendants immunity from Plaintiff's state law tort claims. Therefore, Defendants Carney and City are immune from tort liability and Plaintiff's negligence and assault and battery claims are dismissed.