**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN HART**<br>*Plaintiff*<br><br>**v.**<br><br>**CITY OF PHILADELPHIA, *et al.***<br>*Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br><br>**NO. 23-1890** |

# ORDER

**AND NOW**, this 15th day of October 2026, upon consideration of Plaintiff John Hart's, ("Plaintiff"), *third motion to compel production of documents and interrogatories*, (ECF 33), to which no response has been filed, and Plaintiff's addendum to motion to compel – correction of certificates, (ECF 34), it is hereby **ORDERED** that the motion is **GRANTED**.[1] Accordingly, Defendants City of Philadelphia and Blanche Carney are directed to provide answers to Plaintiff's

---

[1] Plaintiff John Hart ("Plaintiff") has served Defendants City of Philadelphia and Blanche Carney, (collectively, "Defendants"), with various sets of interrogatories and motions to compel documents. (*See* ECF 19, 21). These requests have resulted in Plaintiff having to seek multiple extensions of discovery, totaling an extension of nearly two years. (*See* ECF 25-32).

Instantly, Plaintiff moves for a third time to compel production of documents and interrogatories after having sent Defendant's counsel emails requesting the information. Local Rule of Civil Procedure, ("Local Rule"), 26.1(g) provides that a court may summarily grant or deny without waiting for a response on "[a] routine motion to compel answers to interrogatories or to compel compliance with a request for production under Federal Rule of Civil Procedure[, ("Rule"),] 34, wherein it is averred that no response or objection has been timely served." Loc. R. Civ. P. 26.1(g). Here, over a month has passed since the motion was filed and Defendants have yet to provide any response on the record to Plaintiff's interrogatories or request for documents. Accordingly, Plaintiff's motion to compel Defendants' answers to Plaintiff's interrogatories and the production of records is granted. Defendants shall serve full and complete answers to Plaintiff's interrogatories by October 30, 2026. Failure to comply with this Order may result in sanctions upon future application.

With respect to Plaintiff's document requests, it appears from the correspondence attached to Plaintiff's motion that Defendants provided written responses to the document requests and produced some, but purportedly not all, responsive documents. Considering Defendants' failure to respond to Plaintiff's underlying motion to compel, Plaintiff's motion to compel the production of documents is also granted pursuant to Local Rule 7.1(c). Loc. R. Civ. P. 7.1(c). Accordingly, Defendants shall produce all non-privileged documents responsive to Plaintiff's document requests by October 30, 2026.

interrogatories and produce all non-privileged documents responsive to Plaintiff's request for production of documents by October 30, 2026.

The Court notes Defendants' deleterious behavior which has forced Plaintiff to file numerous motions to compel. Accordingly, Defendants are very close to violating Federal Rule of Civil Procedure 11(c).

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*